UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAYNE'S MEMORIAL AFRICAN METHODIST EPISCOPAL CHURCH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-3535** |
| **GENERAL STARY INDEMINTY COMPANY** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) and Motion to Stay Hurricane Ida CMO (Doc. 15). For the following reasons, Defendant's Motions are **DENIED.**

### BACKGROUND

Plaintiff Payne's Memorial African Methodist Episcopal Church owns property at several locations ("the Properties") that it alleges were damaged during Hurricane Ida. Plaintiff filed a claim in this Court on diversity jurisdiction grounds against the Properties' insurer Defendant General Star Indemnity Company for failing to provide coverage and for bad faith penalties. Defendant has moved for dismissal of Plaintiff's claims, alleging that they do not meet the requisite amount in controversy for diversity jurisdiction. Defendant also moves for an order staying the deadlines in the Hurricane Ida Case Management Order ("CMO"). Plaintiff opposes both Motions.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[3]

## LAW AND ANALYSIS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

District courts have original jurisdiction over all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.[4] The parties do not dispute that their citizenship is diverse. The sole issue here is whether the amount in controversy meets the requisite jurisdictional amount. The party asserting federal jurisdiction may demonstrate the amount in controversy to the district court by either "(1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth 'summary judgment type evidence' of facts in controversy that support a finding of the jurisdictional amount."[5]

---

[1] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[2] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[3] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[4] 28 U.S.C. § 1332(a)(1).
[5] Kliebert v. DG La., LLC, No. 16-2353, 2016 WL 1598608, at *2 (E.D. La. Apr. 20, 2016) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

Here, the Plaintiff's Complaint is vague as to the amount in controversy. It contains the conclusory allegation that Plaintiff seeks unpaid insurance benefits in excess of $75,000, as well as statutory penalties. The only factual allegation, however, is that Hurricane Ida "impacted" the roof and "other parts" of its building and allowed water to intrude into the interior of the building.[6] This Court cannot assess from this single allegation the extent of the damage to Plaintiff's Properties.

The Court must therefore consider the other evidence presented by Plaintiff in support of the requisite amount in controversy. Plaintiff has provided the Court with a report from a public adjuster estimating the cost of repairs at its Properties at $493,123.60. Defendant objects to the Court's consideration of this report, noting that it was not prepared until after Plaintiff filed the Complaint.

Defendant is correct that the amount in controversy is determined at the time of filing and that post-filing events cannot change the amount in controversy.[7] However, the Fifth Circuit has made clear that evidence may be considered to "clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts as of the time the case" was filed.[8] Courts may consider information submitted after removal "in connection with an examination of the jurisdictional facts as they existed at the time of removal."[9] Here, the public

---

[6] Doc. 1. It is unclear which of Plaintiff's Properties the building is located on or if there was damage to buildings on each of the three Properties mentioned in the Complaint.

[7] 'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhrgas, 145 F.3d 211 (5th Cir. 1998).

[8] *Id.*

[9] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995) (citing *Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC)*, 988 F.2d at 565).

adjuster's report endeavored to estimate the damage caused by Hurricane Ida, which is the basis of Plaintiff's Complaint. Accordingly, his report clarified the damages alleged in the Complaint and is properly considered in resolution of this Motion. Plaintiff has carried its burden to show that the amount in controversy exceeds $75,000, and this Court has subject matter jurisdiction over its claims.

### B. Motion to Stay Hurricane Ida CMO

Next, in light of its contention that this Court lacked subject matter jurisdiction, Defendant moved to stay the deadlines in the Hurricane Ida CMO pending resolution of its Motion to Dismiss. Having resolved Defendant's Motion to Dismiss above, its Motion to Stay is denied as moot.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**, and its Motion to Stay is **DENIED AS MOOT**.

New Orleans, Louisiana this 28th day of May, 2024.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**